IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DIMITRI PATTERSON,

    Plaintiff,
v.                                              CASE NO. 1:19-cv-221-AW-GRJ

THE MIAMI HERALD
MEDIA COMPANY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Dimitri Patterson, proceeding *pro se,* initiated this case by filing a Complaint, ECF No. 1, and paying the filing fee. Plaintiff sues more than 30 media companies and individuals. Plaintiff alleges that Defendants published defamatory statements about him concerning "unlawful arrests, purported criminal cases, and warrants in Miami, Florida, and Orlando, Florida." ECF No. 1 at 1-2. Plaintiff seeks compensatory and punitive damages for defamation, invasion of privacy, and negligent and intentional infliction of emotional distress. Plaintiff alleges that this Court has diversity jurisdiction over his claims pursuant to 28 U.S.C. § 1332 and that venue is proper in this Court. *Id.*

Since Plaintiff has paid the full filing fee, his Complaint is not subject to the screening provisions of the *in forma pauperis* statute, 28 U.S.C. §

1915.  Nevertheless, it is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.[1]  Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  Further, the Court has subject matter jurisdiction over cases involving a federal question.[2]

    Plaintiff concedes that his case does not present a federal question, and that the only basis for the exercise of the Court's subject matter jurisdiction arises under the diversity statute.  *See* ECF No. 1 at 2.  The face of the Complaint reflects that complete diversity of citizenship does not exist.  Plaintiff alleges that he is a citizen of the State of Florida, currently residing in Orlando, Florida.  ECF No. 1 at 2, 191.  Several of the named Defendants are identified in the Complaint as citizens of Florida:  Baller Alert, Inc.; Baller Alert, LLC; Robin Lyon; and Sunbeam Television Corp.  ECF No. 1 at 2-3.  Thus, on the face of the Complaint, there is no complete diversity of citizenship between Plaintiff and the named Defendants.  The Court therefore lacks diversity jurisdiction over Plaintiff's claims.

---

[1] *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. Fla. 2004).

[2] 28 U.S.C. § 1331.

Moreover, nothing in the Complaint establishes that this Court is the proper venue for Plaintiff's claims, even if Plaintiff amended the Complaint to eliminate any non-diverse defendants. A civil action may be brought in a district where: (1) any defendant resides, *if all defendants reside in the same state*; (2) a substantial part of the events or omissions giving rise to the claim took place; or (3) the defendant is subject to the court's personal jurisdiction, *if there is no district in which the action may otherwise be brought*. 28 U.S.C. § 1391(b) (emphasis added).  Here, Plaintiff's allegations reflect that the named defendants do not reside in the same state.  ECF No. 1 at 2-7.  His allegations further reflect that the events or omissions giving rise to his claims occurred in Miami and Orlando, Florida, which are located in the Southern District of Florida and the Middle District of Florida, respectively.  ECF No. 1.  There are no allegations establishing that venue is proper in the Northern District of Florida.

It is therefore respectfully **RECOMMENDED** that this case should be dismissed *sua sponte* for lack of subject matter jurisdiction.

**IN CHAMBERS** this 29th day of October 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.